NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7118, -7119

ALEX JOHNSON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent Cross-Appellant.

_____

DECIDED:  March 7, 2005

_____

Before RADER, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

The appellant, Alex Johnson, appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), in which that court remanded his case to the Board of Veterans' Appeals ("BVA") for the BVA to consider certain procedural issues. Mr. Johnson contends that the court should have decided his appeal on the merits without remanding it to the BVA, in light of the fact that he did not request a remand or present any argument on which a remand would be appropriate. The government has cross-appealed, also objecting to the remand order. In the government's view, the Veterans Court erred by refusing to apply what the government considers to be the

proper standard for harmless error in veterans' claims cases. Consistent with the request of the parties, we vacate the judgment of the Veterans Court and remand to the court to decide this case on the merits without a further remand to the BVA.

Mr. Johnson is a veteran who served on active duty in the United States Army, including service in Vietnam. In August 1989, he was awarded service connection for post-traumatic stress disorder ("PTSD") based on the effects of his Vietnam service. He was assigned a 30 percent disability rating at that time. His condition worsened, and in October 1993 the regional office increased his disability rating to 70 percent. Mr. Johnson filed a Notice of Disagreement with the regional office's decision, arguing that he was entitled to a 100 percent rating because of his unemployability. In 1994, the regional office granted him a 100 percent disability rating, effective October 26, 1994. However, the regional office, and subsequently the BVA, denied his request for an increased rating in excess of 70 percent for the period between June 1, 1993, and October 25, 1994.

Mr. Johnson appealed that ruling to the Veterans Court, contending that the evidence clearly showed that he had been unable to obtain or retain employment during the period in issue. He did not request a remand to the BVA, nor did he raise a question with regard to whether representatives of the Department of Veterans Affairs ("DVA") had complied with their statutory and regulatory duties to advise him of the information necessary to substantiate his claim and who is responsible for obtaining that evidence. See 38 U.S.C. § 5103(a); 38 C.F.R. § 3.159(b). Nonetheless, the Veterans Court noted that the BVA had failed to discuss whether the DVA had complied with those duties, and the court therefore concluded that the BVA had failed to consider all

applicable provisions of law and to provide an adequate statement of reasons or bases for its decision. Notwithstanding that Mr. Johnson had not raised those issues, the Veterans Court concluded that it was required to remand the case to the BVA for further consideration of those issues. With respect to the DVA's argument that the asserted error should be considered non-prejudicial under the circumstances of this case, the court ruled that "because the veteran has not had the opportunity to benefit from and react to the notices that the Secretary was and is obligated to provide, any such conclusion at this juncture would be pure speculation." The court therefore rejected the DVA's harmless error argument.

On the merits of Mr. Johnson's appeal from the denial of an increased rating for PTSD, the court stated that, based on the record, "it cannot be said that the Board's determination that the appellant's denial for an increased rating based on differing doctors' medical opinions is 'clearly erroneous in light of the uncontroverted evidence in the appellant's favor.'" The court therefore held that remand, not reversal is the appropriate remedy.

This is an unusual case. Both Mr. Johnson and the government argue that the Veterans Court erred by remanding this case to the BVA, and both agree that the court misapplied the statutory rule of prejudicial error that applies to Veterans Court cases. See 38 U.S.C. § 7261(b). Mr. Johnson did not seek a remand, did not raise either of the issues on which the Veterans Court ordered a remand, and does not seek relief based on those issues or claim prejudice based on those issues. To the contrary, he explains that the prejudice to him consists of the delay in ultimate resolution of the case caused by the remand.

The question whether the Veterans Court has misapplied the statutory rule of prejudicial error is presented in a number of appeals that are now pending before this court. This case, however, differs from those cases in an important respect—Mr. Johnson not only did not raise the issue on which a remand was ordered, but he has actively opposed a remand and has clearly expressed his view that he does not wish to press the legal issues on which the Veterans Court remanded the case. Moreover, Mr. Johnson has been represented in the Veterans Court and in this court by skilled counsel, so it is clear that his decision to waive the statutory and regulatory notification issues was knowing and intelligent.

We interpret Mr. Johnson's argument to be, at least in part, that the Veterans Court committed legal error when it applied the rule of prejudicial error to override his intentional waiver of the notification issues and to require that those issues be addressed on remand by the BVA. Mr. Johnson's counsel has been careful not to suggest that the Veterans Court lacks authority to notice errors sua sponte, but counsel distinguishes between the sua sponte noticing of errors and the overriding of an appellant's purposeful decision to forgo an argument on appeal. This case, according to Mr. Johnson, presents the latter situation, not the former.

The government agrees with Mr. Johnson that a veteran should be entitled to waive the applicability of a particular procedural protection, such as the previously referenced statutory and regulatory notification requirements, in situations such as this one where the veteran concludes that the absence of compliance with those requirements had no prejudicial effect and would not affect the ultimate outcome of the case. Under these circumstances, particularly in light of the fact that both parties agree

that the Veterans Court should not have remanded this case to the BVA for consideration of issues that Mr. Johnson does not desire to pursue, we think the appropriate course is to vacate the judgment of the Veterans Court and to remand with instructions to rule on Mr. Johnson's claim on the merits without remanding his case to the BVA on the notification issues.